UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW W. ARGUE and MICHELLE ARGUE,<br><br>Plaintiffs,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 17-cv-1677 DMS (JMA)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Matthew M. Argue, proceeding *pro se*, moves for reversal or remand of Defendant Commissioner of Social Security's decision denying his request for waiver of overpayment. Defendant opposes Plaintiff's motion and cross-moves for summary judgment. For the reasons discussed below, Plaintiff's motion is granted, and Defendant's motion is denied. The ALJ's decision is remanded for further consideration.

## I.

## BACKGROUND

Relevant to the present action, Plaintiff began receiving disability insurance benefits pursuant to Title II of the Social Security Act in November 2002, after he was diagnosed with testicular cancer. (Administrative Record ("AR") at 432.) In

July 2005, Plaintiff began to work under the Ticket to Work program, which assists disabled individuals "in obtaining the services necessary to find, enter and retain employment" to reduce their dependency upon disability benefits. (*Id.*); 20 C.F.R. § 411.105. The program consists of a "trial work period," which allows beneficiaries to perform work activity for up to nine months total and "still be considered disabled," i.e. not lose their eligibility for benefits or have their benefit payments suspended. 20 C.F.R. § 404.1592(a). Plaintiff completed the nine-month trial work period in October 2007. (AR at 33, 97, 102, 162–63.)

Beneficiaries who complete a full nine-month trial work period and still have a "disabling impairment" as defined in 20 C.F.R. § 404.1511 may continue to test their ability to work during a 36-month "reentitlement period," also known as an extended period of eligibility. 20 C.F.R. § 404.1592a. Plaintiff's extended period of eligibility began in November 2007, at which time Plaintiff returned to work at a substantial gainful activity level and continued to collect disability benefits. (AR at 97, 163, 362, 466.) On October 1, 2008, Plaintiff received a notice of overpayment, which he appealed. (*Id.* at 362, 364.) On September 15, 2010, Administrative Law Judge Mason D. Harrell, Jr. concluded, in part, the overpayment should be waived, explaining Plaintiff was without fault because he had received misinformation from a Social Security Administration ("SSA") employee regarding the Ticket to Work program, and recovery would defeat the purpose of Title II of the Act and be against equity and good conscience. (*Id.* at 363–64.)

In October 2009, Plaintiff was diagnosed with acute lymphoid leukemia. Subsequently, a SSA employee Jennifer Lisk filed a request for expedited reinstatement of benefits on behalf of Plaintiff, and as a result, Plaintiff continued to receive disability benefits. (AR at 163, 165, 432.) Plaintiff's extended period of eligibility ended in December 2010, when Plaintiff returned to work in January 2011 and has worked at a level of substantial gainful activity. (*Id.* at 97, 432, 466.) Nevertheless, Plaintiff continued to receive disability insurance benefits through

February 2012. (*Id.*) On February 29, 2012, the SSA sent Plaintiff and his family a notice of overpayment of benefits.[1] (*Id.* at 102–07.) On August 27, 2012, Plaintiff and his family members each requested a waiver, stating the overpayment was not their fault and they could not afford to pay it back. (*Id.* at 117–27.) Subsequently, the field office denied their requests for a waiver. (*Id.* at 146–51.) After a timely request for a hearing, Plaintiff appeared and testified before ALJ Eric V. Benham on September 4, 2014.[2] (*Id.* at 464–87.)

On November 7, 2014, the ALJ issued a written decision, finding that Plaintiff was not entitled to a waiver of the overpayment because he was not without fault.[3] (AR at 433.) Plaintiff filed a request for review of that decision, which the Appeals Council denied on April 28, 2017. (*Id.* at 23–26.) Plaintiff filed the present action on August 22, 2017.

## II.

## LEGAL STANDARD

When a claimant receives more disability benefits than he is entitled to, an overpayment has been made and the Social Security Administration is entitled to recover the overpayment. 20 C.F.R. § 404.501. Recovery of the overpayment may be partially or completely waived in certain circumstances. Under the regulations, repayment may be waived if the claimant was without fault and if recovery would defeat the purpose of the Act or be contrary to equity and good conscience. 20

---

[1] The family was collectively overpaid a total amount of $43,567.00, consisting of overpayments of $29,838.80 to Plaintiff, $4,197.00 to Plaintiff's spouse, and $4,766.00 each to Plaintiff's two children for the period from January 1, 2011 to February 28, 2012. (AR at 111–16, 229, 292.)

[2] At the hearing, the ALJ consolidated the cases of Plaintiff and family members, who individually appealed the decision of the SSA denying his or her request for waiver, and the ALJ appears to have erroneously stated that each claimant was overpaid benefits of $43,567.00. (*See* AR at 44, 52, 60, 432) ("The claimant was overpaid benefits in the total amount of $43,567.00 during the [relevant] period").

[3] Here, only the ALJ's decision on Plaintiff's case is at issue as Plaintiff's spouse did not move for summary judgment and his children are not parties to this action.

C.F.R. § 404.506. Fault is defined as:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
> (b) Failure to furnish information which he knew or should have known to be material; or
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. "[T]he regulation requires the ALJ to make fact findings regarding the three definitions of fault." *Anderson v. Sullivan*, 905 F.2d 1540 (9th Cir. 1990). The ALJ must "consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational or linguistic limitations (including any lack of facility with the English language) the individual has." 20 C.F.R. § 404.507. The claimant has the burden of proving that he was without fault. *Anderson*, 914 F.2d at 1122.

The court must affirm the ALJ's refusal to waive repayment if the decision is "supported by substantial evidence and if the [ALJ] applied the proper legal standards." *Anderson*, 914 F.2d at 1122. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal quotation omitted).

### III.
### DISCUSSION

Plaintiff initially argues the ALJ failed to apply proper legal standards. The ALJ concluded Plaintiff "was not without fault in causing this overpayment, in that he worked at a level of substantial gainful activity, while receiving benefits." (AR at 433.) However, it is unclear on precisely which basis the ALJ found Plaintiff to be at fault. As stated above, a finding of "fault" arises where incorrect information was given which the claimant knew or should have known was incorrect; where the claimant failed to furnish material information; or where the claimant accepted

payments which the claimant knew or could have been expected to know was incorrect. *See* 20 C.F.R. § 404.507 (a)–(c). Although the ALJ's decision may be interpreted as making an implicit finding under subsection (c), i.e., Plaintiff knew or should have known the overpayment was incorrect, this is insufficient because "the regulation requires the ALJ to make fact findings regarding the three definitions of fault." *Anderson*, 914 F.2d at 1123. The ALJ must consider the "'pertinent circumstances' in determining whether 'the facts show that the incorrect payments to the individual . . . resulted from' the three criteria of fault." *Id.* (quoting 20 C.F.R. § 404.507). The ALJ's decision, however, neither discussed nor applied the standards for determining fault set forth in subsections (a) through (c) in § 404.507. As a result, it is uncertain which ground(s) the ALJ found pertinent.

Moreover, Plaintiff contends the ALJ erred by failing to make any adverse findings as to Plaintiff's credibility in determining fault. "[C]ourts have consistently recognized the need for full and detailed findings of fact essential to the [ALJ's] conclusion…. and the courts have consistently required that there be an explicit finding whether the [ALJ] believed or disbelieved the claimant whenever the claimant's credibility is a critical factor in the [ALJ's] decision." *Albalos v. Sullivan*, 907 F.2d 871, 873 (9th Cir. 1990) (quoting *Lewin v. Schwieker*, 654 F.2d 631, 635 (9th Cir. 1981)); *see Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring "an explicit credibility finding whenever the claimant's credibility is a critical factor in the [ALJ's] determination"). Here, Plaintiff's credibility was critical to the determination of fault. Plaintiff argued he believed he was entitled to the overpayment based on his good faith belief that he was eligible for a second trial work period. Plaintiff explained Ms. Lisk filed the request for reinstatement of benefit without his authorization or knowledge. (AR at 11, 165.) Moreover, Plaintiff claimed Ms. Lisk did not explain to him that taking advantage of the expedited reinstatement provision would preclude his eligibility for a second trial work period. (*Id.* at 172, 477.) As a result, prior to receiving a notice from the SSA

regarding overpayment, Plaintiff believed he was entitled to a second trial work period based on his new disability of acute lymphoid leukemia. (*Id.* at 172, 470.) Nevertheless, the ALJ did not make an explicit finding as to whether he believed or disbelieved Plaintiff's testimony. Because the ALJ's decision neither expressly discredited Plaintiff's testimony nor articulated any reasons for questioning his credibility, it cannot stand. *Lewin*, 654 F.2d at 635.

The Court has discretion in determining whether to reverse or remand a social security case. *See Lewin*, 654 F.2d at 635. Here, the failure to make adequate findings "necessitate a remand for a redetermination of fault." *Id.* Because "additional proceedings can remedy defects in the original administrative proceedings," this case is remanded the ALJ for further consideration. *Id.*

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is granted and Defendant's cross-motion for summary judgment is denied. Accordingly, the case is remanded for further proceedings consistent with this opinion. Upon remand, the ALJ is instructed to make a determination after application of the proper law to all pertinent evidence in the record and fully explain the legal and factual bases for these determinations. The Clerk of Court is directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: May 7, 2018

Hon. Dana M. Sabraw
United States District Judge